UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ESPINOZA, *et al.*, | 1:07-CV-01145-OWW-SMS |
| Plaintiffs, | ORDER STAYING PROCEEDINGS PENDING NINTH CIRCUIT OPINION |
| v. | |
| COUNTY OF FRESNO, | |
| Defendant. | |

Plaintiffs are Deputy Sheriffs with the Fresno County Sheriff's Department and are employed by Fresno County. Plaintiffs allege that the County violated the Fair Labor Standards Act ("FLSA") by failing to compensate them for the performance of certain work-related tasks. These uncompensated tasks include, among other things, the donning and doffing of their uniforms, as well as required safety and protective gear.

On May 1, 2009, Defendant filed a motion for summary judgment or partial adjudication regarding the compensability of Plaintiffs' activities. On May 29, 2009, Plaintiffs opposed the motion. The hearing on the motion for summary judgment is currently set for June 29, 2009.[1]

---

[1] By Minute Order filed on June 8, 2009, the June 15, 2009 hearing on the motion for summary judgment was continued due to the press of court business. (Doc. 111.)

1

On June 1, 2009, the Ninth Circuit heard oral arguments in two cases presenting "donning and doffing" issues, *Maciel v. City of Los Angeles* (9th Cir. Doc. 08-55958) and *Bamonte v. City of Mesa, Arizona* (9th Cir Doc. 08-16206). *Maciel* and *Bamonte* focus on whether donning and doffing of a police uniform is compensable work when it can be performed off of the employers' premises and whether U.S. Department of Labor interpretations regarding donning and doffing should be given substantial deference. These issues are indispensable to a well-reasoned analysis of the present litigation.

United States district courts have inherent authority to stay proceedings, for the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *accord Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979), the Ninth Circuit stated:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.

Here, the granting of a stay promotes the interests of docket control, efficiency, and fairness. The legal issues presented in

1  *Maciel* and *Bamonte* are identical to those presented in this
2  litigation.  Given that the Ninth Circuit will soon issue an
3  opinion bearing on the "donning and doffing" issue, a short delay
4  would promote judicial economy, provide guidance to the district
5  courts, and avoid unnecessary costs and fees.

6  If a stay is not imposed, the parties and the court may suffer
7  unnecessary waste of court time and inefficiency if the ruling of
8  the district court is contrary to what becomes Ninth Circuit law.
9  The process of ruling on summary judgment, filing subsequent
10 motions and proceeding to trial will consume hundreds of court
11 hours and attorney time, fees and costs.  A short delay would
12 partially avoid this.  No party will be prejudiced by a temporary
13 stay.  The Ninth Circuit heard oral argument on June 1, 2009, and
14 is expected to enter an opinion in the coming months.  There is
15 nothing in the record to indicate any prejudice will result from a
16 short delay.

17 The proceedings are stayed.  The parties shall notify the
18 court five ("5") days following the Ninth Circuit's opinion in
19 *Maciel* and *Bamonte*.

24 IT IS SO ORDERED.
25 **Dated:   June 18, 2009**                    /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE

**3**