# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ESPINOZA, et al., | CASE NO. 1:07-cv-01145-SMS |
| Plaintiffs, | |
| v. | **ORDER CLARIFYING ISSUES REMAINING FOR TRIAL** |
| COUNTY OF FRESNO, | |
| Defendant. | |

On August 8, 2011, the District Court entered its order on Defendant's motion for summary judgment, or in the alternative, summary adjudication, and Plaintiffs' motion for summary adjudication. Doc. 158. In an Amended Joint Scheduling Report filed January 4, 2012 (Doc. 165), the parties disagreed about which of Plaintiffs' claims remained for adjudication at trial following the summary judgment order.

**Plaintiffs' Position**

In the scheduling report, "Plaintiffs contend[ed] that the County has failed to compensate Plaintiffs for the time spent performing work including but not limited to, the cleaning and maintenance of required uniforms, safety gear and department issued firearms, the non-shift time spent off engaged in meeting firearms qualifications required by the County and various duties occurring before and after the Plaintiffs' shifts, including the preparation of reports and paperwork, keeping abreast of relevant time sensitive information via telephone, voicemail and County issued email accounts, supervising and drafting of evaluations of deputies participating in

field training programs and preparing for briefing periods that take place at the beginning of each shift." Doc. 165 at 2-3. Plaintiffs contend[ed] that these activities are integral and indispensable of the primary duties of law enforcement required of plaintiffs and similar situated employees." In their February 28, 2012 letter brief (Doc. 167), Plaintiffs contended that the remaining claims were (1) firearms qualification and maintenance; (2) cleaning and maintenance of required uniforms and safety gear; and (3) the various duties performed before and after their shifts.

### Defendant's Position

According to Defendant, "[t]he only remaining claim in Plaintiffs' Second Amended Complaint that was not disposed of by Defendant's motion for Summary Judgment is Plaintiffs' claim that they are entitled to compensation for firearms qualifications and maintenance of weapons on off-duty hours." Doc. 165 at 3-4.

### The Complaint

The Second Amended Complaint (Doc. 27) identified four issues:

11.  Defendant COUNTY OF FRESNO has failed to compensate Plaintiffs and similarly situated employees for the time it takes to don and doff uniforms and required protective safety gear, as those activities are integral and indispensable to the primary duties of law enforcement required by Plaintiffs and similarly situated employees.

12.  Defendant COUNTY OF FRESNO has failed to compensate Plaintiffs and similarly situated employees for the time spent performing work, including, but not limited to, the cleaning and maintenance of required uniforms, safety gear, vehicles, and Department-issued firearms that are integral and indispensable to the primary duties of law enforcement required of Plaintiffs and similarly situated employees.

13.  Defendant COUNTY OF FRESNO has failed to compensate Plaintiffs and similarly situated employees for the time spent traveling to and from work in Sheriff's Office marked patrol vehicles during which time the Plaintiffs are required to log in to the Sheriff's office Dispatcher and are required to, and frequently do, respond to calls for assistance while en route to and from work.

14.  Plaintiff Deputy Sheriff JAMES EPPERLY and similarly situated employees, who are Deputy Bailiffs assigned to work at the County's courthouses, routinely work through either a half hour or one hour meal period during which they remain in uniform, maintain radio contact, are subject to call backs for service, are frequently interrupted by citizens requesting information or assistance, and are required to respond to on view criminal activity without compensation.

///

///

**Memorandum Decision on Summary Judgment**

The memorandum decision on the summary judgment motions addressed the issues of this case in light of the then recently decided case, *Bamonte v. City of Mesa*, 598 F.3d 1217, 1220 (9th Cir. 2010). The District Court granted the County's summary judgment motion on the donning and doffing claims (complaint paragraph 11), commuting time claims (complaint paragraph 13), vehicle maintenance claims (complaint paragraph 12, in part), and meal break claims (complaint paragraph 14). The District Court denied the County's summary judgment on Plaintiffs' claims for compensation for off-duty time spent on firearms qualification and maintenance, finding the existence of "a factual dispute regarding whether the County actually permits officers to submit overtime requests for off-duty weapons qualification, notwithstanding its stated policy" discouraging off-duty weapons qualification, although it may be approved in certain cases, since officers generally have sufficient time to complete firearms qualification while on duty. Doc. 156 at 3, 17. The District Court's having explicitly found an issue of fact with regard to compensation for firearms qualification and maintenance, both parties agree that the issue of off-duty weapon qualification and maintenance remains for trial.

**Off-Duty Cleaning and Maintenance of Uniforms and Safety Gear**

The parties disagree on whether the issue of compensation for off-duty cleaning and maintenance of required uniforms and safety gear, which constitutes the remaining part of complaint paragraph 12, remains for trial. The District Court did not address this issue in its memorandum decision of the summary judgment motions. Because Plaintiffs explicitly alleged this claim in the complaint, and because the claim has not been resolved through the summary judgment motion or agreement of the parties, Plaintiffs' claim for compensation for off duty cleaning and maintenance of uniforms and safety gear remains for trial.

**Off-Duty Work**

Finally, Plaintiffs maintain that they are entitle to trial on a claim for compensation for various duties performed before and after their shifts. Defendant disagrees. This claim was not addressed in the memorandum decision on the summary judgment motions. Although this claim

was not explicitly alleged in the second amended complaint, Plaintiffs contend that the language of the second amended complaint is broad enough to include their claim for compensation for off-duty work, citing the phrase "time spent performing work including, but not limited to."

The insufficiency of the vague language on which Plaintiffs depend goes to the heart of the standards for pleading in federal court. The sufficiency of a complaint is first determined by referring to F.R.Civ.P. 8(a) which requires that a civil complaint contain, in pertinent part, a short and plain statement of the claim showing the pleader is entitled to relief. "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* Allegations so vague that a defendant cannot clearly identify the claim or its basis do not constitute a valid claim. *See, e.g., Pace Resources, Inc. v. Shrewsbury Tp.*, 808 F.2d 1023, 1029 (3d Cir.), *cert. denied*, 482 U.S. 906 (1987) ("Statements in the complaint about 'other unfair ordinances' are so vague that they clearly cannot form the basis for a valid claim").

Alleging the elements of the plaintiff's claim is a necessary part of the complaint. *Grabinski v. National Union Fire Ins. Co, of Pittsburgh*, 265 Fed.Appx. 633, 636 (9th Cir. 2008) (Rawlinson, C.J., *dissenting*). *See also Jones v. Community Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) ("[A] pleading must give fair notice and state the elements of the claim plainly and succinctly"). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (*internal quotation marks and citations omitted*).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint or claim. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). To survive a motion to dismiss, a "[p]laintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), *quoting Twombly*, 550 U.S. at 555. Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. It is axiomatic that a claim that was not alleged would not survive a motion to dismiss. *Associated Gen'l Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). The second amended complaint does not allege a cognizable claim for compensation for off-duty work other than those types of work explicitly set forth in the complaint and addressed in the summary judgment order.

Plaintiffs contend that, despite their omitting a claim for compensation for off-duty work from the complaint, Defendant should be well aware of their intent to include such a claim from deposition testimony of various deputies, and declarations and other documents setting forth time spent in off-duty work by various deputies. Such testimony and evidence "is extraneous to the pleadings and is a matter of proof, not pleading." *Sanchez v. J.C. Penney Properties, Inc.*, 2007 WL 2221043 (E.D. Cal. July 30, 2007) (No. 1:07-cv-00670-OWW-GSA). A plaintiff may not expand the scope of his pleadings through deposition testimony or opposition to summary judgment. *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1325 (11th Cir. 2004); *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Keel v. Early*, 2010 WL 4876405 at *2 n. 2 (E.D. Cal. November 22, 2010) (No. 1:99-cv-06729-AWI-SMS PC).

Nor is Plaintiffs' comparison of the proceedings here akin to that of a trial in which an unpleaded claim has been tried by consent. This matter is not being tried, and Defendant does not consent to inclusion of a claim for compensation for off-duty activities. Further, to amend a complaint to conform to proof introduced at trial, "the record must indicate that the parties understood that the evidence was aimed at an unpleaded issue." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1513 (9th Cir. 1986). That the issue may be inferentially suggested by incidental evidence in the record is not a sufficient basis for permitting amendment of the pleadings. *Id.* (*internal quotes and citation omitted*). If the court finds that the opposing party did not clearly understand the proponent's intent to put the unpleaded issue before the court, permitting amendment of the pleadings would prejudice the opposing party. *Id.*

Because Plaintiffs did not allege a cognizable claim for compensation for off-duty work other than those types of work specifically alleged in the complaint, that claim is not one "remaining for trial."

### Amendment of Complaint

Plaintiffs express their intent to amend the complaint if the Court determines that their claims for off-duty work are not among the claims remaining for trial. The proper way to assert a new claim is a motion to amend the complaint in accordance with F.R.Civ.P. 15(a). Although Rule 15 is to be liberally construed, leave to amend is not automatic. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). In determining whether to grant leave to amend, a court must consider such factors as whether (1) the moving party unduly delayed seeking leave to amend, or acted in bad faith or with dilatory motive; (2) the opposing party would be unduly prejudiced by the amendment; and (3) whether the amendment would be futile for lack of merit. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment is generally untimely when brought after discovery is complete and the Court has already addressed dispositive motions. *See United States v. Pend Oreille Public Utility District No. 1*, 28 F.3d 1544, 1552 (9th Cir. 1994), *cert. denied*, 514 U.S. 1015 (1995); *Roberts v. Arizona Board of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). This is especially true when, as is the case here, the delay is extreme and unexplained. *Pend Oreille*, 28 F.3d at 1552. Discovery in this case ended May 1, 2010. Doc. 89. A review of the lengthy docket in this matter reveals no instance of Plaintiff's even hinting that an amendment might be appropriate or necessary even though the facts and theory were known, or should have been known, by the Plaintiffs since the beginning of the litigation. Late amendments are not viewed favorably in such cases. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), *cert. denied*, 516 U.S. 810 (1995); *Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir.), *cert. denied*, 479 U.S. 816, 821 (1986).

Further, were the issue of compensation for other off-duty work incorporated into this case at this late stage of litigation, Defendant would be prejudiced since, as it reasonably argues, it did not conduct its discovery in contemplation of this issue. The discovery period having ended over

two years ago, and summary judgment already having been adjudicated, re-opening discovery at this point in the litigation is not an option.

Because this Court declines to permit amendment of the complaint, it need not consider Defendant's argument that, because of the highly individualized work activities of the various deputies, amendment of the complaint to allege claims for compensation for off-the-clock activities would mandate decertification since the dissimilarity of the deputies' activities would weigh against a conclusion that the various deputies are similarly situated. In light of the evidence in the record, which is well summarized in Defendant's brief, the likelihood that the proposed amendment would result in decertification indicates that amending the complaint to include a compensation claim for additional off-duty work would also be futile.

## Conclusion and Order

Two issues remain for trial: Plaintiffs' claim for compensation for firearms qualification and maintenance, and Plaintiffs' claim for compensation for off duty cleaning and maintenance of uniforms and safety gear.

IT IS SO ORDERED.

**Dated:   June 7, 2012**                        /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE