UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ESPINOZA, PAUL MARQUEZ, and AARON EPPERLY,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF FRESNO,<br><br>　　　　　Defendant.<br>_____ / | Case No. 1:07-1145-BAM<br><br>**ORDER ON MOTIONS IN LIMINE** |

On October 27, 2014, this Court conducted a hearing on the Defendant's Motions in Limine. (Docs. 222 and 223). Plaintiffs did not file any motions in limine. Counsel James Henderson appeared in person for Plaintiffs. Counsel Michael Woods and William Littlewood appeared in person on behalf of the Defendant.

The Court has reviewed Defendant's motions, Plaintiffs' Opposition (Doc. 224), and has considered counsels' arguments at the hearing. The Court ruled from the bench and incorporates those rulings herein. For the reasons described on the record and in this order, the Court issues the following order on Defendant's Motions in Limine.

///

1

///

## DEFENDANT'S MOTIONS IN LIMINE

**1.    Motion to Exclude the Expert Testimony of Bridget Sanders.**

Defendant seeks to preclude Ms. Sanders from offering additional or different expert opinions that those she testified to at her deposition, or that were outlined in her report. Plaintiffs do not oppose this motion.  Therefore, Defendant's motion in limine number 1 is **GRANTED**.

**2.    Motion to Exclude Any Mention of the Prior Collective Action Including Summary Adjudication of Issues and Class Decertification.**

Defendant seeks to preclude any reference to the prior collective Fair Labor Standards action, including the fact that: 1)  the Plaintiffs were named or representative Plaintiffs in that case; 2) the case involved claims on behalf of more than over 200 deputy sheriffs; and 3) the case was ultimately decertified as a collective action. Plaintiffs oppose the motion and argue that the jury should be given a brief summary of the history of the case.

The Court has taken this motion under submission. The parties have agreed to work together and will submit a joint proposed jury instruction addressing this issue.  The proposed jury instruction shall be submitted no later than **Friday, October 31, 2014, at 4:00 p.m.**

**3.    Motion to Exclude Evidence or Arguments Regarding Claims Not in Controversy.**

Defendant seeks to exclude evidence or any mention of issues that have already been adjudicated, or that fall outside of the pleadings. Plaintiffs do not oppose this motion.  Accordingly, Defendant's motion in limine number 3 is **GRANTED.**

**4.    Exclusion of Evidence or Arguments Regarding Off-duty Time Spent Cleaning and Maintaining Uniforms.**

Defendant seeks to exclude evidence and arguments to support the claims that they should be compensated for cleaning their uniforms. Defendant argues this activity does not constitute work, and even if it is work, it is barred under the Portal-to Portal Act because cleaning is not integral and indispensible to the performance of their duties.  Finally, because the officers are compensated for these activities as part of the collective bargaining agreement, no compensation is required under the

FLSA.  Plaintiff argues that these issues should have been raised in a motion for summary judgment and not in a motion in limine.

The Court agrees with Plaintiffs and finds that this issue should have been addressed in a motion for summary judgment rather than a motion in limine.  Accordingly, Defendant's motion in limine number 4 is **DENIED**.

**5.     Exclusion of Evidence and Arguments Regarding Off-duty Time Spent Cleaning and Maintaining Safety Gear.**

Defendant seeks to exclude evidence and arguments supporting the claims that Plaintiffs should be compensated for time spent cleaning and maintaining their safety gear. Defendant and Plaintiffs reiterate similar arguments as set forth in motion in limine number 4.  Defendant's motion in limine number 5 is **DENIED** for the same reason as outlined in motion in limine number 4.

**6.     Exclude Evidence or Arguments Regarding Off-duty Time Spent Cleaning and Maintaining Firearms.**

Defendant seeks to exclude evidence and arguments supporting Plaintiffs' claims that they should be compensated for off-duty time spent cleaning and maintaining firearms despite the fact that the County only requires deputies to clean their duty weapons during quarterly weapons training.  This work does not constitute work under the FLSA because Defendant did not require or control the Plaintiffs' off-duty activities.  Plaintiffs oppose the motion on the basis that this motion should have been raised in a motion for summary judgment. Defendant's motion in limine number 6 is **DENIED** for the same reason as set forth in motion in limine number 4.

**7.     Exclusion of Hearsay Evidence of What Plaintiffs May Have Heard from Unidentified Third Parties.**

Defendant seeks to preclude hearsay testimony from witnesses that they heard from other individuals that: 1) the County of Fresno or the Fresno County Sheriff s Department would not pay overtime compensation for the activities claimed; and/or 2) that the County of Fresno or the Fresno County Sheriff s Department had discouraged them from submitting overtime requests for the alleged

3

overtime activities asserted in this action. Plaintiffs argue that what they learned from other individuals regarding Defendant's overtime policies is admissible to show Plaintiffs' state of minds regarding whether Defendant considered these off-the-clock activities as compensable overtime, and whether there should have been an attempt to submit such a claim.

Defendant's motion in limine number 7 is **DENIED without prejudice** for the reasons discussed on the record.  Plaintiff is cautioned that the appropriate foundation must be laid in order for this evidence to be admissible. Defendant may renew this motion if Plaintiffs fail to lay the proper foundation at trial.

**8.     Exclusion of Witnesses Regarding Third Party Knowledge.**

Defendant seeks to exclude testimony at trial that Plaintiffs' supervisors and peers "would have, of should have known" that they worked overtime uncompensated.  Plaintiffs argue that Defendant's attempt at seeking a blanket preclusion of evidence regarding whether the supervisors would have known the Plaintiffs' were working overtime is improper. Plaintiffs argue that Defendant assumes that this knowledge could only be imparted by some verbal admission by the Department's supervisors which is not the case.  Plaintiffs are entitled to show through circumstantial evidence, that the County knew its employees were maintaining their uniforms, safety equipment, and firearms during off-duty hours.

Defendant's motion in limine number 8 is **DENIED without prejudice** subject to renewal at trial if Plaintiffs fail to lay the proper foundation at trial.

**9.     Exclusion of Testimony Regarding Common Knowledge.**

Defendant seeks to exclude testimony that is was "common knowledge," or "generally known," or "well known," that the County of Fresno or the Fresno County Sheriff's Department had unwritten or unofficial policies for: (1) discouraging the reporting of overtime; or (2) discouraging submitting overtime requests for the alleged overtime activities asserted in this action.

Defendant's motion in limine number 9 is **DENIED without prejudice** subject to renewal at trial if Plaintiffs fail to lay the proper foundation.

**10.      Exclusion of Evidence of Alleged Violations Occurring before August 8, 2004.**

Defendant seeks to exclude any evidence of violations of the FLSA occurring before August 8, 2004 because the claims prior to this time are barred by the statute of limitations.   Plaintiffs argue that in order to prove willfulness, they must be allowed to show that prior to Plaintiffs sustaining any damages, the Defendant knew, or had to have known, that the Plaintiffs and other deputies were working off-the-clock and were performing activities they should have been compensated for.

Defendant's motion in limine number 10 is **DENIED** as this information is relevant to establish wilfullness.  Plaintiff is permitted to present evidence regarding events that occurred prior to August 8, 2004.  However, Plaintiffs are cautioned that the evidence must be presented succinctly and within the parameters of Federal Rule of Evidence 403.

**11.      Exclusion of Evidence or Arguments Regarding the County's Failure to Pay Overtime to Other Deputies Not Named in this Action.**

Defendant seeks to preclude arguments or testimony concerning the County's alleged failure to pay overtime compensation to other deputies, who are not named in this lawsuit.  Plaintiffs argue that they cannot be restricted in the evidence needed to establish that failure to pay overtime is a long-standing policy and practice that applied to all deputies.

Defendant's motion in limine number 11 is **DENIED without prejudice**.  Plaintiff is permitted to present evidence regarding other deputies in this action.  However, Plaintiffs must lay the proper foundation, and Defendant may renew the motion if the proper foundation in not laid.

IT IS SO ORDERED.

Dated:   **October 28, 2014**                    /s/ *Barbara A. McAuliffe*
                                                           UNITED STATES MAGISTRATE JUDGE